IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHERIE F. WOODARD                                                                                    PLAINTIFF

v.                                          3:20-cv-00396-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Cherie Woodward, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 4-16.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-five years old. (Tr. 65.)  She testified she earned an associate degree, (Tr. 35), and has past work as a receptionist.  (Tr. 14.)

The ALJ[1] found Ms. Woodard has not engaged in substantial gainful activity since October 1, 2015 – the alleged onset date.  (Tr. 6.)  She has "severe" impairments in the form of "major depressive disorder; generalized anxiety disorder; Lyme disease; posttraumatic stress disorder; lumbar spine, degenerative disc disease; right foot tarsal tunnel osteoarthritis, status-post release;

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

carpal tunnel syndrome; and fibromyalgia." (Tr. 7.) The ALJ further found Ms. Woodard did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 7-9.)

The ALJ determined Ms. Woodard had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments. (Tr. 9.) The ALJ determined Ms. Woodard could no longer perform her past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 58-62.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform the jobs of price marker and cleaner/housekeeper - despite her limitations. (Tr. 15.) Accordingly, the ALJ determined Ms. Woodard was not disabled. (Tr. 16.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Woodard argues that the ALJ's residual functional capacity (RFC) assessment was flawed. (Doc. No. 17 at 13-16.) Ms. Woodard clearly suffers from some degree of pain and limitation from the combination of her impairments. But given my limited review under the law, my careful review of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

Plaintiff argues:

> In finding the claimant capable of light work, the ALJ believes that this lady is capable of being on her feet up to a majority – indeed – two-thirds of the time. This is simply not a credible finding given this record which establishes impairment the existence of degenerative disc disease with sciatica, tarsal tunnel osteoarthritis

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

>  status post release, and fibromyalgia, all of which erode her ability to perform the demands of light work, specifically the exertional requirements. And indeed, observations of an antalgic gait and especially positive straight leg raise testing were made repeatedly.

(Doc. No. 17 at 14.)

However, Plaintiff's activities of daily living fail to support her allegation of extreme limitation. Treatment records reveal that on November 18, 2016 – after Plaintiff's alleged onset date – she injured her finger "leading a horse." (Tr. 944.) These notes also state that Plaintiff "performs exercises regularly" which includes caring for horses and landscaping her yard. (Tr. 950.) At the administrative hearing Ms. Woodard testified she prepares meals, cleans the laundry and dishes and "those sorts of things associated with maintaining the household." (Tr. 40.) These activities are consistent with the ability to perform light work.

Moreover, Plaintiff's medical records reveal nothing to support an allegation of complete disability. Some of the more recent examinations by her doctors regularly revealed normal gait, normal range of motion and no weakness. (Tr. 1905, 1909, 1913-14, 1917, 1936, 1945, 1950.) Diagnostic testing – while revealing some issues of abnormality – revealed nothing disabling. (884, 1914, 1929, 1947.) And Dan Gardner, M.D., Abesie Kelly, Ph.D., and Margaret Podkova, Psy.D, provide additional support for the ALJ. (Tr. 73-74, 93-94, 96.) Realizing these doctors did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions. Overall, the objective medical findings, Plaintiff's activities of daily living, the consultative Mental Diagnostic Evaluation, and non-examining state agency medical consultants' assessments support the ALJ's RFC assessment.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Here, the ALJ could rightly determine that Ms. Woodard was not disabled.

Plaintiff's most significant problem appears to be her depression. However, the diagnostic evaluation performed by Jerry L. Cunningham, Psy.D., fails to support a claim of disabling depression. (Tr. 689-696.)

Understandably, Plaintiff believes the ALJ should have given more weight to the opinions of her Advance Practice Nurse, Kristie Branscum. (Doc. No. 17 at 15; Tr. 1055-1056.) ALJ gave her opinions little weight and stated, "Although Ms. Branscum, who is not an acceptable medical source, treated the claimant throughout much of the relevant period, her extreme opinion is wholly inconsistent with the claimant's physical capabilities during examinations and her activity level during the relevant period." (Tr. 14.) While her opinions certainly favor Plaintiff's claim of disability, I find no error in the ALJ's assessment here. Her Medical Source Statement is not so persuasive to overcome the other bases for which the ALJ concluded Plaintiff could perform light work activities.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

There is ample evidence to support the Commissioner's decision. I recognize there is evidence to support Ms. Woodard's claims. But the overall evidence supports the ALJ's conclusion that she was not completely disabled.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the ALJ failed to accurately evaluate her subjective symptoms - which I find are without merit. Ms. Woodard's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 16th day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE